**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4786**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BENJAMIN RAY STEFFEY,

            Defendant – Appellant.

**No. 08-5214**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BILLY RAY FRANKLIN,

            Defendant – Appellant.

Appeals from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge; William L. Osteen, Jr., District Judge.
(1:07-cr-00428-JAB-6; 1:07-cr-00428-WO-2)

Submitted:  October 23, 2009      Decided:  November 10, 2009

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Ames C. Chamberlin, LAW OFFICES OF AMES CHAMBERLIN, Greensboro, North Carolina; John C. Fischer, RANDOLPH & FISCHER, Winston Salem, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Ray Steffey pled guilty pursuant to a plea agreement to one count of conspiracy to possess pseudoephedrine, knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2006). After granting the Government's motion for a downward variance for substantial assistance under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1, p.s. (2007), the district court sentenced Steffey to 28 months' imprisonment. Co-defendant Billy Ray Franklin pled guilty pursuant to a plea agreement to conspiracy to manufacture and distribute 500 grams or more of methamphetamine and conspiracy to possess pseudoephedrine, knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). The district court sentenced Franklin to a within-Guidelines sentence of 188 months' imprisonment.

Steffey and Franklin timely appeal their sentences. Steffey contends that the district court erred in refusing to grant his request for a variance. Franklin contends that the district court erred in enhancing his base offense level, pursuant to USSG § 2D1.1(b)(10)(C)(ii), for a methamphetamine-manufacturing offense that created a substantial risk of harm to human life. We affirm.

We review the sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). In conducting this review, we must first determine that the court committed no significant procedural errors; if the sentence is procedurally reasonable, we then consider its substantive reasonableness, applying an abuse of discretion standard. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall, 128 S. Ct. at 597).

Steffey requested a downward variance of two offense levels, arguing that, had his Guidelines range been calculated pursuant to USSG § 2D1.1 instead of USSG § 2D1.11, he would have qualified for the two-level offense level reduction associated with the USSG § 5C1.2 safety valve. Having considered the parties' arguments, the district court denied Steffey's request for a variance. In sentencing Steffey, the court followed the necessary procedural steps, including treating the Guidelines as advisory, weighing the relevant 18 U.S.C. § 3553(a) factors, and calculating and considering the applicable Guideline range.

Steffey's base offense level was calculated pursuant to USSG § 2D1.11. Unlike USSG § 2D1.1, this section does not explicitly provide for a two-level reduction if the defendant satisfies the criteria of USSG § 5C1.2. USSG § 2D1.11; see United States v. Saffo, 227 F.3d 1260, 1273 (10th Cir. 2000) (holding that, when a defendant's base offense level is calculated under USSG § 2D1.11, he is not eligible for the safety valve reduction under USSG § 2D1.1); cf. USSG § 2D1.1(b)(11). Accordingly, Steffey's sentence is procedurally reasonable. Moreover, we cannot say it was an abuse of discretion for the court to decline to grant the two-level reduction. Hence, the sentence was not substantively unreasonable.

Franklin contends that the district court erred in its application of USSG § 2D1.1(b)(10)(C)(ii). Specifically, he asserts that the methamphetamine-manufacturing activities in which he participated did not present a "substantial" risk to human life. We conclude that the district court properly applied the enhancement.

The district court's determination that the risk of harm enhancement applies is a mixed question of fact and law that is reviewed de novo when, as here, the facts are undisputed. United States v. Houchins, 364 F.3d 182, 187 (4th Cir. 2004), vacated on other grounds, 543 U.S. 1104 (2005). Section 2D1.1(b)(10)(C)(ii)(I) of the Sentencing Guidelines

5

provides for a three-level increase in a defendant's base offense level if the offense involved the manufacture of methamphetamine and created a substantial risk of harm to human life. In determining whether a substantial risk was created, a court should consider: (1) the quantity of any chemicals or hazardous or toxic substances, and the manner in which such items were stored; (2) the manner in which the substances were disposed, and the likelihood of release into the environment; (3) the duration of the offense, and the extent of the manufacturing operation; and (4) the location of the laboratory. USSG § 2D1.1, cmt. n.20(A); see Houchins, 364 F.3d at 187-90.

Here, law enforcement officials recovered from properties used by Franklin a 1000-pound tank containing 700 gallons of a hazardous chemical, anhydrous ammonia, along with other, smaller tanks and other chemicals and implements used in the manufacturing of methamphetamine. Franklin, members of his family, and various other people came and went on the properties. As a result of its improper storage, the highly pressurized 1000-pound tank, the second largest ever recovered in the United States, was at risk of explosion and the people coming and going on the properties were at risk of death or injury. Further, a hazardous materials team was required to clean up the properties and spent nine days draining the ammonia from the 1000-pound tank. Under these circumstances, we

6

conclude that the district court did not err in applying the enhancement.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>